**WO**                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene J. Curley, ) | No. CV-05-3113-PHX-NVW (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Gene J. Curley (Plaintiff), presently released, filed with the Clerk of the Court on October 5, 2005 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint).[1] Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

**RETURNED MAIL**

On October 5, 2005, the Court filed a "Notice Of Assignment" (Document #2) (Notice),

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail).

- 1 -

1  which assigned this action to the undersigned Judge.  A copy of the Notice was mailed by
2  the Clerk of Court to Plaintiff at his last known address at the Durango Jail on October 6,
3  2005.  Then, on October 13, 2005, the envelope containing the copy of the Notice was
4  returned to the Clerk of the Court with the notation "Return to Sender No Longer in
5  Custody."  Since then, Plaintiff has failed to file a Notice of Change of Address, or to in any
6  way notify the Court of his whereabouts.  Accordingly, the Clerk of the Court has been
7  unable to remail the copy of the Notice to Plaintiff.[2]

8  Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an incarcerated
9  litigant comply with the instructions attached to the Court-approved Complaint form.  Those
10 instructions state: "You must immediately notify the clerk ... in writing of any change in your
11 mailing address.  Failure to notify the court of any change in your mailing address may result
12 in the dismissal of your case."  (Information and Instructions for a Prisoner Filing Civil
13 Rights Complaint at 2).

14 Also, in its Notice the Court warned Plaintiff that "[f]ailure to comply with the following
15 rules will result in your document being STRUCK and/or your case being DISMISSED."
16 (Notice at 1).  One of the rules listed was that "[y]ou must file a Notice of Change of Address
17 if your address changes."  (Notice at 1).

18 **FAILURE TO PROSECUTE**

19 Plaintiff has the general duty to prosecute this case.  Fidelity Philadelphia Trust Co. v.
20 Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the
21 duty of a plaintiff who has filed a pro se action to keep the Court appraised of his or her
22 current address, and to comply with the Court's orders in a timely fashion.  This Court does
23 not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
24 the burden of keeping the court apprised of any changes in [her] mailing address."  Carey v.

---

[2] The website of the Maricopa County Sheriff does not show Plaintiff as being in the current custody of the Maricopa Sheriff.  Also, the website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

- 2 -

1  King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of
2  his new address constitutes failure to prosecute.

3  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
4  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
5  move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
6  (1962), the Supreme Court recognized that a federal district court has the inherent power to
7  dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
8  of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,
9  in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
10 without notice or hearing.  Id. at 633.

11 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
12 Court must weigh the following five factors:  "(1) the public's interest in expeditious
13 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
14 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
15 availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.
16 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the
17 imposition of sanctions in most cases, while the fourth factor cuts against a default or
18 dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."
19 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

20 Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to
21 keep the Court informed of his address prevents the case from proceeding in the foreseeable
22 future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the
23 Court to consider whether a less drastic alternative is available.  Without Plaintiff's current
24 address, however, certain alternatives are bound to be futile.  Here, as in Carey, "[a]n order
25 to show cause why dismissal is not warranted or an order imposing sanctions would only find
26 itself taking a round trip tour through the United States mail."  856 F.2d at 1441.

27 The Court finds that only one less drastic sanction is realistically available.  Rule 41(b)

28

1  provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
2  "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the
3  Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and
4  this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
5  Federal Rules of Civil Procedure.

6  **IT IS THEREFORE ORDERED** that the "Civil Rights Complaint By A Prisoner"
7  (Document #1) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Rule
8  41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of the
9  Court is DIRECTED to ENTER JUDGMENT accordingly.

10  DATED this 25th day of October, 2005.

_____
Neil V. Wake
United States District Judge

- 4 -